**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUPERT TOVAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:15-cv-00355** |
| | § | |
| **LUNA CAR CENTER, LLC and** | § | **JURY  DEMANDED** |
| **SOHAIL MOHAMMED** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
UNDER RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Rupert Tovar, files this Response to Defendants' Motion to Dismiss under Rule 12(b)(6) ("Motion to Dismiss").  Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and in support would show the Court as follows:

**I.   NATURE AND STAGE OF PROCEEDINGS**

Plaintiff filed his Original Complaint on May 5, 2015 alleging violations of the Fair Labor Standards Act ("FLSA").[1]  Defendants contemporaneously filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and their Answer to Plaintiff's Original Complaint on June 8, 2015.

Defendants' Motion to Dismiss contends that Plaintiff failed to sufficiently plead facts that supported either individual coverage or enterprise coverage under the FLSA.  Based on this

---

[1] Doc. 1; *See* 29 U.S.C. §201, *et seq.*

assertion, Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim upon which relief could be granted.

Plaintiff now files this Response respectfully requesting that the Court deny Defendants' Motion because Plaintiff's filed their First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which addresses the alleged pleading deficiencies and renders Defendants' position moot.[2]

Plaintiff also argues that Defendants' Motion to Dismiss should be denied because Defendants are impermissibly attempting to use Rule 12(b)(6) to dismiss the claims based on the merits or on factual issues that are in dispute.

## II.   AUTHORITIES AND ARGUMENTS

### A.   Rule 15(a)(1)(B) Amended Pleading

Pursuant to Rule 15, "[a] party may amend its pleading once as a matter of course within…21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) …, whichever is earlier."[3] Defendants Motion under Rule 12(b) and Original Answer (a responsive pleading) were filed on the same date, June 8, 2015.[4]

In accordance with Rule 15, Plaintiff has until June 29, 2015 to file a First Amended Complaint as a matter of course.[5] Accordingly, Plaintiff filed his First Amended Complaint on June 11, 2015.[6]

Said Amended Complaint addresses the alleged pleading deficiencies that Defendant

---

[2] Fed. R. Civ. P. 15(a)(1)(B).
[3] *Id.*
[4] Doc. 9 and Doc. 10.
[5] Fed. R. Civ. P. 15(a)(1)(B).
[6] Doc. 13.

*Plaintiff's First Amended Complaint*                2

complains of in its Motion by pleading facts that support the Complaint with sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]   Specifically, Plaintiff's Amended Complaint has alleged facts that support a claim under the FLSA based on both individual coverage and enterprise coverage.[8]   Therefore, the claims raised in Defendants' Motion are now moot.

**B.      Rule 12(b)(6) Standard of Review**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.[9]   Additionally, when evaluating a motion to dismiss a complaint under Rule 12(b)(6), all facts pleaded therein must be taken as true.[10]   Moreover, when considering a defendant's motion to dismiss, the Court must also construe the factual allegations in the complaint in the light most favorable to the plaintiff.[11]   If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, the Court should deny the defendant's motion.[12]

A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its judicial experience and common sense, to reasonably infer that the defendant is liable for the misconduct alleged.[13]   "[A] well-pleaded complaint may proceed even if it strikes a savvy

---

[7] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[8] Doc. 13.
[9] *Sosa v.Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).
[10] *Orozco v. Plackis*, No. A-11-CV-703 LY, 2012 WL 681462, at *2 (W.D. Tex. Feb. 29, 2012).
[11] *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Twombly* at 544, 555-56 (2007).
[12] *See Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009).
[13] *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1022 (S.D. Tex. 2014).

judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"[14]

In this case, Plaintiff's Amended Complaint contains factual allegations that, when taken as true and construed in the light most favorable to the plaintiff, show that the right to relief is plausible.  Not only has Plaintiff alleged detailed facts about his duties that support individual coverage under the FLSA, Plaintiff has also alleged facts regarding Defendants' related activities and operations that indicate his claims for relief under the FLSA are also facially plausible under enterprise coverage.

Because Plaintiff's Amended Complaint clearly states claims upon which relief can be granted, Defendants' Motion to Dismiss under Rule 12(b)(6) should be denied.

## C.    FLSA Coverage

In discussing the FLSA, the Supreme Court has stated that "the purpose of the Act was to extend federal control in this field throughout the farthest reaches of the channels of interstate commerce."[15]  Echoing the Supreme Court, the Fifth Circuit has expressed its commitment to giving the Act a broad, liberal construction.[16]

### i)   Individual Coverage

When determining whether the protections of the FLSA apply to a particular case, the Plaintiff may invoke the protections of the FLSA by showing either individual or enterprise coverage.[17]   For individual coverage, Plaintiff must allege facts giving rise to a reasonable

---

[14] *Twombly* at 556.
[15] *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567, 63 S. Ct. 332, 335, 87 L. Ed. 460 (1943).
[16] *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir. 1979).
[17] *See Landeros at* 1022.

inference that he was engaged in commerce or in the production of goods for commerce.[18]  The test to determine whether an employee is engaged in commerce requires the Court to look at "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity."[19]  However, no *de minimis* rule applies to the Act; any regular contact with commerce, no matter how small, will result in coverage.[20]

In the present case, Plaintiff's Amended Complaint alleges that Plaintiff had regular contact with commerce in that he regularly performed his duties as a detailer/porter on vehicles that were from in and out-of-state, as often times evidenced by out-of-state license plates on some of the vehicles that Defendants purchased for future resale.

Moreover, Plaintiff's Amended Complaint alleges that Plaintiff and other employees would regularly be tasked with preparing for shipment vehicles that were to be exported outside of the United States.[21]  Such preparation required regular contact by Plaintiff with vehicles that had previously been transported as part of commerce and that would in the future be transported for shipment outside of the country. The regular contact by Plaintiff included cleaning, detailing and wrapping the vehicle interiors in plastic in preparation for international shipping.

Because Plaintiff's factual allegations, when taken as true and construed in the light most favorable to the plaintiff, show that the right to relief under the FLSA's individual coverage definition is plausible, Defendants' Motion to Dismiss under Rule 12(b)(6) should be denied.

---

[18] *See* 29 U.S.C. §§ 206(a), 207(a).
[19] *Kidwell v. Digital Intelligence Sys., LLC*, No. 3:13-CV-4064-B, 2014 WL 4722706, at *5 (N.D. Tex. Sept. 22, 2014).
[20] *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979) (citing *Maybee v. White Plains Publishing Co. Inc.*, 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607 (1946)).
[21] Doc 13.

ii)   **Enterprise Coverage**

Under the enterprise coverage definition of the FLSA, an enterprise engaged in commerce or in the production of goods for commerce is "an enterprise that…has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]"[22]

The first prong of the enterprise coverage definition can be met in one of two ways: (1) either by the "engaged in commerce" clause or (2) the "handling" clause.[23]   To satisfy the "engaged in commerce" portion of the FLSA's enterprise coverage definition, Plaintiff must show that any two or more of the business's employees engaged in interstate commerce.[24]

In Plaintiff's case, Defendants have "engaged in commerce" as an enterprise by having purchased vehicles with out-of-state license plates for the purpose of reselling said vehicles to buyers in Texas.   Moreover, as stated in Plaintiff's Amended Complaint, Defendants would regularly export cars to customers out-of-state and/or out of the country.   In such instances, Defendants would task employees with preparing vehicles for international shipping.    The prepared vehicles would then be shipped to Houston, Texas via interstate highways from which they would eventually reach an international port for shipment outside of the State and country.

In further support of enterprise coverage under the FLSA, Plaintiff has also pled that

---

[22] See 29 U.S.C. § 203(s)(1).
[23] *Avalos v. Brackett*, No. 3:12-CV-1865-BN, 2014 WL 1922217, at *2 (N.D. Tex. May 14, 2014) *adhered to on reconsideration,* No. 3:12-CV-1865-BN, 2014 WL 4636042 (N.D. Tex. Sept. 17, 2014).
[24] *See Id.*

*Plaintiff's First Amended Complaint*                        6

upon information and belief, Defendant is engaged in commerce under the meaning of the FLSA in that it has two or more employees utilizing interstate telephone and broadband communications for the commercial purposes of Defendants' enterprise.

Because Plaintiff has factually alleged that Defendant has two or more employees engaged in such activity, and because such activity would clearly satisfy the first prong of the enterprise coverage definition, it is clearly plausible that Defendants fall under the enterprise coverage definition of the FLSA thus plausibly entitling Plaintiff to relief.

In regards to the "handling" clause within the first prong of the enterprise coverage definition, an employer falls within enterprise coverage if it has employees handling, selling, or otherwise working on *goods or materials* that have been moved in or produced for commerce by any person.[25]  As noted in *Landeros,* the reference to goods or materials that "*have been* moved in or *produced* for" interstate commerce reveals Congress's intent to regulate enterprises dealing in articles "*acquired intrastate"* after travel in interstate commerce (emphasis in original).[26]

Moreover, the Court in Landeros found that Plaintiff's pleadings, which indicated employee duties included cooking and cleaning and alleged that materials used for cooking and cleaning had previously been moved in or produced for commerce, were sufficient at the 12(b)(6) stage of the litigation to complete the statutory fit and plausibly bring Defendants within FLSA coverage under the handling clause.[27]

In the present case, Plaintiff has pled that "items used by Plaintiff and other employees for servicing, cleaning, and detailing vehicles included tools, equipment, and cleaning supplies or other articles necessary for performing their duties.  Such tools, equipment, and cleaning supplies

---

[25] *See Landeros* 1023-24; 29 U.S.C. § 203(s)(1)(A)(i).
[26] *See Landeros* at 1024.
[27] *See Landeros* 1024-25.

or other articles had previously been moved in or produced for commerce and Defendants had Plaintiff and other workers handling these materials for the commercial purposes of Defendants' enterprise."[28]   Additionally, as stated in Plaintiff's Amended Complaint, the vehicles which Defendants had employees work on or handle, had previously been moved in, or produced for commerce and Defendants had two or more employees handling these materials for the commercial purposes of Defendants' enterprise.  As such, Plaintiff's pleadings plausibly bring Defendants within FLSA coverage under the handling clause.

The second prong of the enterprise coverage definition requires that the enterprise have annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).[29]

In the present case, Plaintiff has alleged that Defendants are engaged in the business of automotive sales, automobile exporting, automotive servicing, purchase financing and other related activities.  Plaintiff has factually pled in his Amended Complaint that Defendants have between 150 and 300 vehicles in its inventory at any given time and that they have a retail floor plan of approximately $4 million dollars.

Moreover, aside from revenue derived from sales, Defendants also receive revenue from exporting vehicles, servicing vehicles and financing vehicle purchases as well as other related activities.

Between automotive sales, automobile exporting, automotive servicing, purchase financing and other related activities, upon information and belief, Defendants' gross volume of sales made or business done was not less than $500,000 for the previous twelve (12) months.

---

[28] Doc. 13.
[29] See 29 U.S.C. § 203(s)(1).

Because Plaintiff's pleadings under the enterprise coverage definition of the FLSA plausibly bring Defendants within FLSA coverage, Defendants' Motion to Dismiss should be denied.

**D.    Defendants' Admission**

Defendants' Original Answer; Motion for Dismissal Under Rule 12(b)(6) and Affirmative Defenses to Plaintiff's Original Complaint was filed on June 8, 2015.  Interestingly, despite their arguments behind their Motion to Dismiss, Defendants by their own admission acknowledged that Defendant Luna Car Center, LLC is "a Domestic Limited Liability Company in Texas engaging in commerce and subject to the FSLA [sic][.]"[30]

Because Defendants' own admission further shows that Plaintiff's right to relief under the FLSA's is plausible, Defendants' Motion to Dismiss under Rule 12(b)(6) should be denied.

### III.    CONCLUSION

Because Plaintiff has stated claims on which relief can be granted, the Court should deny Defendants' Motion to Dismiss for Failure to State a Claim and retain the case on the Court's Docket.   In the alternative, and despite already clear pleadings, Plaintiff has amended his pleadings, which further render the issues contained in Defendants' Motion to be moot.  As a result, Plaintiff respectfully request that the Court deny Defendants' Motion to Dismiss for Failure to State a Claim and retain the case on the Court's Docket.

---

[30] Doc. 10, pg. 2, 3.2.

Respectfully submitted,



  /s/ *Alfonso Kennard, Jr.*
Alfonso Kennard, Jr.
Texas Bar No. 24036888
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Arnoldo J. Rodriguez
Texas Bar No. 24083756
85 N.E. Loop 410, Ste. 603
San Antonio, Texas 78216
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
aj.rodriguez@kennardlaw.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 11, 2015, a true and correct copy of above document was served via the Court's CM/ECF System to all counsel of record.


                    */s/ A.J. Rodriguez*
                    A.J. Rodriguez