IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUPERT TOVAR, | § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No.  SA-15-CV-355-XR |
| LUNAR CAR CENTER, LLC, AND SOHAIL MUHAMMED, | | |
| *Defendants.* | | |

**ORDER**

On this day the Court considered Defendants' Motion to Dismiss Complaint for Failure to State a Claim.  Docket no. 9.  For the following reasons, the motion is dismissed as moot.

Plaintiff Rupert Tovar filed his original complaint (docket no. 1) against Defendants Lunar Car Center, LLC, and its owner Sohail Muhammed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") to recover unpaid overtime wages.  Docket no. 1 at ¶ 1. Defendants then filed this Fed. R. Civ. P. 12(b)(6) motion to dismiss arguing the factual allegations in the complaint are insufficient to show that the FLSA applies to them on June 8, 2015.  Docket no. 9.  Tovar filed an amended complaint as a matter of course[1] (docket no. 13) and a response to the motion to dismiss (docket no. 14) on June 11, 2015.

In their motion to dismiss, Defendants argue:

> The applicability of FLSA against Defendants is not properly pled. Defendants argue that Plaintiff has failed to plead facts regarding the applicability of the FLSA to Defendants since Plaintiff makes only a conclusory allegation that Defendants are involved in interstate commerce. Both the minimum wage and overtime provisions of the FLSA are limited in application, by their own terms, to

---

[1] Fed. R. Civ. P. 15 permits a plaintiff to freely amend his complaint within 21 days after service of a motion under Rule 12(b).

> employees engaged in commerce or the production of goods for commerce (individual coverage), or employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage).

*Id*. at 3-4.

In his response, Tovar argues his amended complaint more specifically pleads the facts to support allegations that the FLSA applies to Defendants.  Docket no. 14 at 4.  He argues he has "alleged detailed facts about his duties that support individual coverage under the FLSA, Plaintiff has also alleged facts regarding Defendants' related activities and operations that indicate his claims for relief under the FLSA are also facially plausible under enterprise coverage."  *Id*.  Plaintiff also points out that, in their answer to the original complaint, Defendants admit that "Defendant Luna Car Center, LLC is 'a Domestic Limited Liability Company in Texas engaging in commerce and subject to the FSLA.'"  *Id*. at 7.

Courts have held that a pending Rule 12(b)(6) becomes moot when a plaintiff files an amended complaint as a matter of course.  *See Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); *see also Melson v. Vista World Inc. & Associates*, No. CIV.A. 12-135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012); *ABB, Inc. v. Reed City Power Line Supply Co.*, No. 1:07-CV-420, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) (collecting cases); *but see Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F.Supp.2d 376, 384 (D. Conn. 2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending" courts may deny the motion to dismiss as moot or consider the merits of the motion to dismiss in light of the amended complaint).  Especially given the substantive changes in the amended complaint, including more specific facts about the FLSA's applicability to Defendants that may go to the heart of the motion to dismiss, the Court finds Defendants' motion to dismiss is moot.

For the above reasons, the Court DISMISSES AS MOOT Defendants' motion to dismiss for failure to state a claim (docket no. 9).

It is so ORDERED.

SIGNED this 29th day of June, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE